UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

OPERATING ENGINEERS LOCAL 139
HEALTH BENEFIT FUND, CENTRAL
PENSION FUND OF THE INTERNATIONAL UNION
OF OPERATING ENGINEERS AND PARTICIPATING
EMPLOYERS, WISCONSIN OPERATING ENGINEERS
SKILL IMPROVEMENT AND
APPRENTICESHIP FUND,
JOINT LABOR MANAGEMENT WORK
PRESERVATION FUND, OPERATING ENGINEERS LOCAL
139 DEFINED CONTRIBUTION ANNUITY FUND,
TERRANCE E. MCGOWAN, as a Trustee of said Funds
except CENTRAL PENSION FUND, JOSEPH SHELTON,
as Chief Executive Officer of CENTRAL PENSION FUND, and the
INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 139,

      Plaintiffs,

v.                  CIVIL ACTION NO. _____

DONALD EXCAVATING & TRUCKING, INC.
5337 State Highway 28
Allenton, WI 53002,

      Defendant.

## COMPLAINT

  The Plaintiffs, Operating Engineers Local 139 Health Benefit Fund, Central Pension Fund of the International Union of Operating Engineers and Participating Employers, Wisconsin Operating Engineers Skill Improvement and Apprenticeship Fund, Joint Labor Management Work Preservation Fund, Operating Engineers Local 139 Defined Contribution Annuity Fund, Terrance E. McGowan, as a Trustee of all Funds except Central Pension Fund, Joseph Shelton as Chief Executive Officer of Central Pension Fund, and the International Union of Operating Engineers, Local 139, by their attorneys, complaining of the Defendant, Donald Excavating & Trucking, Inc., allege as follows:

## JURISDICTION AND VENUE

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 (hereinafter referred to as "ERISA") and the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185. Jurisdiction is based upon the existence of questions arising under federal law, 28 U.S.C. § 1331. The rights asserted with respect to all Counts arise from the same series of transactions and there are common questions of law and facts to all Counts.

2. Plaintiffs are administered at N27W23233 Roundy Drive, Pewaukee, WI 53702, which is located in this district, making venue proper, 28 U.S.C. § 1391(b)(2).

## COUNT I

3. Plaintiffs, Operating Engineers Local 139 Health Benefit Fund, Central Pension Fund of the International Union of Operating Engineers and Participating Employers, Wisconsin Operating Engineers Skill Improvement and Apprenticeship Fund and Operating Engineers Local 139 Defined Contribution Annuity Fund (hereinafter "Plaintiff Funds"), are "employee welfare benefit plans" and "plans" within the meaning of ERISA ("Plans"). Plaintiff McGowan is a fiduciary of Plaintiff Funds except Central Pension Fund. Joseph Shelton is the Chief Executive Officer of Central Pension Fund.

4. Defendant is a party to multiple collective bargaining agreements ("CBAs") with the Local 139 of the International Union of Operating Engineers.

5. Defendant is obligated to make fringe benefit contributions to Plaintiff Funds under the terms of the CBAs. Defendant is also obligated to make fringe benefit contributions to Plaintiff Funds under the terms of the trust agreements that are incorporated by reference in the CBAs and establish and govern Plaintiff Funds ("Trust Agreements").

6. Defendant is an "Employer" within the meaning of ERISA and is obligated to make fringe benefit contributions to Plaintiff Funds pursuant to ERISA, 29 U.S.C. § 1145.

7. As an Employer obligated to make fringe benefit contributions to Plaintiff Funds under the CBAs and Trust Agreements, Defendant is specifically required to do the following:

   A. To submit for each month a report stating the names, Social Security numbers, and number of hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiff Funds, or, if no such persons are employed, to submit a report so stating (hereinafter "Monthly Report");

   B. To accompany the aforesaid reports with payment of contributions based upon an hourly rate as stated in the applicable CBAs;

   C. To make all of its payroll books and records available to Plaintiff Funds for the purpose of auditing the same to verify the accuracy of Defendant's past reporting upon request made by Plaintiff Funds;

   D. To compensate Plaintiff Funds for the additional administrative costs and burdens imposed by delinquency or untimely payment of contributions by way of the payment of liquidated damages up to the amount of twenty (20%) percent of any and all contributions which are not received by Plaintiff Funds for a particular month prior to the 15th day of the succeeding month, plus interest on the late payments up to 1 1/2 % per month simple interest to compensate for the loss of use of the money, *see also* 29 U.S.C. §§ 1132(g)(2)(B) and (C);

   E. To pay any and all costs incurred by Plaintiff Funds in auditing Defendant's payroll records should it be determined that Defendant was delinquent in the reporting or submission of all contributions required by it to be made to Plaintiff Funds;

   F. To pay Plaintiff Funds' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions, *see also* 29 U.S.C. § 1132(g)(2)(D); and

   G. To furnish to Plaintiff Funds a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiff Funds, to cover future contributions due Plaintiff Funds.

8. Defendant has breached its obligations to Plaintiff Funds and its obligations under the Plans and Trust Agreements by failing to pay required contributions and submit all required monthly remittance reports for the time period of January 1, 2024 to the present.

9. Defendant has also breached its obligations to Plaintiff Funds and its obligations under the Plans and Trust Agreements to provide Plaintiffs' auditors with all required payroll records in order to perform a full and complete audit for the purpose of verifying the hours worked for the time period of January 1, 2024, to the present. Plaintiffs' auditors and counsel contacted Defendant numerous times to schedule an audit; however, Defendant has failed to allow the audit to occur.

10. Plaintiff Funds have requested that Defendant perform its obligations on multiple occasions, but Defendant has failed and refused to so perform. Plaintiff Funds have been unable to verify the amounts due to them as a result of Defendant's failure to submit Monthly Reports or allow Plaintiffs to audit its payroll records.

11. Defendant's continuing refusal and failure to perform its obligations to Plaintiff Funds is causing and will continue to cause irreparable injuries to Plaintiff Funds for which they have no adequate remedy at law.

WHEREFORE, Plaintiff Funds request the following relief:

A. That a full and complete account and audit be taken as to all employees of Defendant covered by the CBAs as to wages received and hours worked by such employees to determine amounts required to be paid to Plaintiff Funds, covering the period for which the CBAs are to be effective;

B. That Defendant be ordered to submit contribution reports and pay all current contributions while this action is pending;

C. That Judgment be entered in favor of the Plaintiff Funds and against Defendant for all unpaid contributions, interest, liquidated damages, any costs of auditing Defendant's records, and Plaintiff Funds' reasonable attorneys' fees and Court costs necessarily incurred in this action, all as provided for in the Plans, Trust Agreements and in ERISA;

D. That Defendant be permanently enjoined and ordered to perform specifically its obligations to the Plaintiff Funds, and in particular, to continue submitting the required reports and contributions due thereon to the Plaintiff Funds in a timely fashion as required by the Plans and by ERISA; and

E. That the Plaintiff Funds have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

## COUNT II

12. Plaintiff International Union of Operating Engineers, Local 139 ("Plaintiff Union") is a labor organization representing certain of Defendant's employees as the duly authorized collective bargaining representative and is party to the CBAs to which Defendant agreed to be bound.

13. Under the CBAs, Defendant agreed to deduct from the wages of those of its employees represented by Plaintiff Union in collective bargaining and who execute proper written authorization, sums of money as and for union dues, which monies are to be remitted to Plaintiff Union on a monthly basis along with Defendant's regular fringe benefit reports and contributions, as described in Count I of this Complaint.

14. Defendant has deducted or has been required to deduct dues from the wages of its employees as required by the CBAs. Defendant has not paid any administrative dues to Plaintiff Union for the time period of January 1, 2024, to the present. Plaintiff Union has been unable to verify the amounts deducted from employees' wages to Plaintiff Union and converted to Defendant's own use, as a result of Defendant's failure to submit Monthly Reports or allow Plaintiffs to audit its payroll records, as alleged in Count I of this Complaint.

15. The Defendant's acts and omissions as described herein constitute a breach of the CBAs and entitle Plaintiff Union to recover from Defendant all monies which Defendant was required to remit to Plaintiff Union whether deducted from wages or not and whether traceable or untraceable commingled with Defendant's assets and further entitle Plaintiff Union to recover from Defendant its damages for breach of Defendant's obligations.

WHEREFORE, Plaintiff Union requests the following relief:

A. That a full and complete account and audit be taken as to all employees of Defendant covered by the CBAs as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiff Union, covering the period for which the CBAs are to be effective;

B. That judgment be entered in its favor and against Defendant for all sums determined to be due Defendant to Plaintiff Union;

C. That Plaintiff Union recover from Defendant its damages and all costs of collection and recovery including its reasonable attorneys' fees and costs; and

D. That Plaintiff Union have such further relief as may be considered just and equitable by the Court, all at Defendant's cost.

## COUNT III

16. Plaintiff Joint Labor Management Work Preservation Fund a/k/a Construction Business Group ("JLMWPF") is a jointly trusted labor management cooperative established to assist workers and employers in solving problems of mutual concern not susceptible to resolution within the collective bargaining process, to improve the employment opportunities of employees, to expand the market for the construction industry, to improve communications between labor and management, and to provide workers and employers with opportunities to explore joint approaches to organization and effectiveness. Plaintiff McGowan is a fiduciary of JLMWPF.

17. Defendant is a party to the CBAs, which require contributions to Plaintiff JLMWPF at a set rate for each hour worked by employees performing work covered under the CBAs. Defendant has paid no contributions to Plaintiff JLMWPF for the time period of January 1, 2024, to the present. Plaintiff JLMWPF has been unable to verify the amounts due to it from Defendant, as a result of Defendant's failure to allow Plaintiffs to audit its payroll records, as alleged in Count I of this Complaint.

18. The Defendant's acts and omissions as described herein constitute a breach of the CBAs and entitle Plaintiff JLMWPF to recover from Defendant all monies which Defendant was required to remit to Plaintiff JLMWPF, whether traceable or untraceable commingled with

Defendant's assets, and further entitle Plaintiff JLMWPF to recover from Defendant its damages for breach of Defendant's obligations.

WHEREFORE, Plaintiff JLMWPF requests the following relief:

A. That a full and complete account and audit be taken as to all employees of Defendant covered by the CBAs as to wages received and hours worked by such employees to determine amounts required to be paid to Plaintiff JLMWPF, covering the period for which the CBAs are to be effective;

B. That judgment be entered in its favor and against Defendant for all sums determined to be due from the Defendant to Plaintiff JLMWPF;

C. That Plaintiff JLMWPF recover from Defendant its damages and all costs of collection and recovery including its reasonable attorneys' fees and costs; and

D. That Plaintiff JLMWPF have such further relief as may be considered just and equitable by the Court, all at Defendant's cost.

Dated this 17th day of June, 2025.

                                                       */s/ Cynthia L. Buchko*

Cynthia L. Buchko
In-House Counsel for
Operating Engineers Local 139 Health Benefit Fund,
Wisconsin Operating Engineers Skill Improvement
and Apprenticeship Fund, Operating Engineers Local
139 Defined Contribution Annuity Fund, Joint Labor
Management Work Preservation Fund, Trustee Terrance
E. McGowan for the above Funds, and International
Union of Operating Engineers Local 139,
a/k/a Construction Business Group,
4702 S. Biltmore Lane
Madison, WI 53718
Attorney No. 1036102
Telephone: 608-310-8341
Facsimile: 608-240-4179
E-mail: c.buchko@cbgwi.com

/s/ Laura M. Finnegan

Laura M. Finnegan
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Ste. 1825
Chicago, IL 60606-5250
Attorney No. 1058640
Telephone: 312-236-4316
Facsimile: 312-236-0241
E-mail: lmfinnegan@baumsigman.com

Attorney for Plaintiffs Central Pension Fund of the
International Union of Operating Engineers and
Participating Employers and Joseph Shelton as
Chief Executive Officer of Central Pension Fund